BILL HIGHTOWER v. THE STATE.

No. 3876. Decided January 26, 1916.

**1.—Burglary—Principal—Accomplice—Accessory.**

Where, upon trial of burglary charging defendant in different counts as principal, accomplice and accessory, the evidence was sufficient to sustain a verdict had the jury found the defendant guilty as principal, but was insufficient to sustain the verdict finding defendant guilty as accessory, the conviction could not be sustained and the judgment must be reversed and the cause remanded.

**2.—Same—Accessory—Rule Stated.**

He is an accessory under the Code who knowing that an offense has been committed conceals the offender or gives him any aid that he may avoid arrest or trial; concealment of knowledge that a crime is to be committed does not make a party an accessory before or after the facts, nor does the mere failure to inform on a person whom defendant knows to have committed the crime make him an accessory. The aid given must be personal aid to the party who committed the crime, and one does not become an accessory by reason of any connection with the crime itself. Following Figaroa v. State, 58 Texas Crim. Rep., 611.

**3.—Same—Rule in Other States.**

Many States have by statute abolished the distinction between accomplice, accessory and principal, but our State has not done so, and where the evidence does not sustain the verdict that defendant is guilty of an accessory under the law of this State, the same is reversible error.

Appeal from the District Court of Erath. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of accessory to burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case

*L. N. Frank,* for appellant.—On the question of accessory: Kingsberry v. State, 37 Texas Crim. Rep., 259.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—The indictment against appellant contained three counts, one charging him with being a principal in the burglary, another that he was an accomplice, and the third that he was an accessory to the crime.

Many questions are presented for review, some of which were not presented in the trial court, but we do not deem it necessary to discuss them at length, but merely to say that none of them present reversible error if the evidence is sufficient to sustain the verdict. Had the jury found appellant guilty as a principal in the transaction, the evidence, in our opinion, would have sustained the verdict, but the jury by their verdict specifically found him guilty as an accessory to the crime. The State's case is that Higginbotham's store was burglarized and some property stolen therefrom, among the articles stolen being a .38 caliber pistol. Appellant is shown to have been in and around that store on Saturday evening and Saturday night. Sunday morning after the burglary, Sammie Mayberry and another testified they saw appellant take a pistol out of a stove in their residence and hand it to Nick Mayberry. This pistol was subsequently found in possession of Nick Mayberry and was identified as the pistol stolen from Higginbotham's store. These circumstances would have justified a finding that appellant was a principal in the transaction, as he the morning after the burglary is, by this testimony, shown to be in possession of property stolen from the burglarized store.

Appellant did not testify on the trial, but there was introduced in evidence a statement made by him voluntarily when before the grand jury. In this statement appellant admits he was at Higginbotham's store Saturday evening and Saturday night, but says he left with Sammie Mayberry and another negro, whose name is given merely as "Lige." The State's testimony corroborates the statement that appellant left the store with these two negroes. Appellant says, when he was at the store Saturday evening he saw Nick Mayberry hid in the ceiling of the store, and Nick whispered to him: "I have got 'em now." The testimony of the officers corroborates him as to someone being above the ceiling. He admits he told no one about seeing Nick Mayberry hid above the ceiling. He denies that Sunday morning he got the pistol out of the stove and gave it to Nick, but says he saw Nick with the pistol at his home Sunday morning, and Nick then told him where he had hidden the other stolen property. He, Nick and George Clark on Monday night rode a freight train to Fort Worth, where they were all three arrested, Nick being in possession of the pistol.

Does any of the evidence tend to show that he was an accessory to the crime of burglarizing this house? As before said, the testimony would support a finding that he was a principal in the commission of

the offense, but an accessory is defined by our code as one who, knowing that an offense has been committed, conceals the offender, or gives him any aid that he may avoid arrest or trial.

The evidence is clear that appellant did not conceal Nick Mayberry, knowing that an offense had been committed. It is true that before the commission, and apparently in preparation for the commission of the offense, he saw Nick Mayberry concealed above the ceiling, and he gave no alarm. But no offense had then been committed, and such acts would tend to show him either a principal or accomplice in the crime, and would have no tendency to show that he was an accessory as defined by our code. There is no evidence that he gave Nick Mayberry any aid to assist Nick in avoiding arrest. All the testimony goes to show is, that after the burglary they fled to Fort Worth, going together on the same train. There is nothing to show that he gave Nick any assistance whatever. It is true he concealed the crime, and, if concealment could be considered as giving aid, but it has been held in Noftsinger v. State, 7 Texas Crim. App., 301, and other cases that concealment of knowledge that a crime is to be committed does not make a party an accessory before or after the fact; and mere failure to inform on a person he knows to have committed a crime will not constitute one an accessory. As said by this court in numerous cases, a person can never become an accessory until there has been a crime committed, and the accessory then becomes *criminally connected with the principal* and not the offense by reason of the fact that he is assisting the *principal* in some of the methods specified in the statute. Schackey v. State, 41 Texas Crim. Rep., 255; Figaroa v. State, 58 Texas Crim. Rep., 611. The aid given must be personal aid to the party who committed the crime. He does not become an accessory by reason of any connection with the crime itself. The evidence and all the evidence would have a tendency to show that appellant was connected with the crime, and there is no evidence tending to show that he gave Nick Mayberry any aid after the crime was committed. The facts do not support a finding that appellant was an accessory to a crime committed by Nick Mayberry, but all that the evidence would suggest is, that he was a party to the crime when committed.

The evidence being wholly insufficient to support a finding that appellant was an accessory to the crime, as accessory is defined by our code, the case must be reversed and remanded.

Many States have by statute abolished the distinction between accomplice, accessory and principal, and so drawn their statutes as to define as principals in an offense all persons known to the common law as principals, accomplices and accessories, but our State has not done so, and until it is done, even though the evidence would sustain a conviction of the person on trial as a principal, yet, if the jury find him guilty as an accessory, when there is no evidence to sustain such a finding, the judgment can not stand. To those who advocate reform in criminal procedure, this would seem to present a field for their activities.

As before said, we do not deem it necessary to discuss the other questions raised, but because there is no evidence which would justify a finding that appellant was an accessory to the crime of burglary committed by Nick Mayberry, as accessory is defined by our code, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

DAVIDSON, JUDGE, absent.